UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE MANSION ON HOWARD LLC | § | |
| | § | |
| V. | § | CIVIL ACTION NO.5:21-cv-293 |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | |
| A NATIONWIDE COMPANY and | § | |
| JOEL WAYNE MOONEY | § | |

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant SCOTTSDALE INSURANCE COMPANY (erroneously sued as SCOTTSDALE INSURANCE COMPANY A NATIONWIDE COMPANY) (hereinafter "Defendant"), files this Notice of Removal under 28 U.S.C. § 1446(a) and states as follows:

## I.
## INTRODUCTION

1. Plaintiff MANSION ON HOWARD LLC ("Plaintiff") commenced this lawsuit on February 12, 2021 by filing Plaintiff's Original Petition ("Petition") in the 73rd District Court, Bexar County, Texas, Cause No. 2021-CI-02978.

2. Plaintiff's Petition names Scottsdale Insurance Company ("Scottsdale") and Joel Wayne Mooney ("Mooney") as defendants (collectively, "Defendants"). Mooney was the adjuster assigned to Plaintiff's claim which made the basis of this lawsuit.

3. Defendant Scottsdale was served with Plaintiff's Petition on February 25, 2021. Plaintiff demanded a jury trial in the Petition.

4. Defendant Scottsdale files this Notice of Removal within the 30-day time-period required by 28 U.S.C. § 1446(b). Mooney does not need to consent to removal because he is improperly joined as Scottsdale is electing to accept whatever liability Defendant Mooney might

have to Plaintiff for Mooney's acts or omissions related to the claim at issue. Pursuant to Insurance Code section 542A.006(c), the action against Mooney must be dismissed with prejudice. But to the extent necessary, Mooney consents to the removal of this action and the requirement that all defendants consent to removal is thus satisfied.

## II.
## BASIS FOR REMOVAL

5. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

6. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.  Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Scottsdale.**

7. Plaintiff is a Texas Limited Liability Company whose principal office is located at 321 Howard Street, San Antonio, Texas 78212 in Bexar County, Texas. Accordingly, Plaintiff is a citizen of Texas for purposes of diversity of citizenship.

8. Defendant Scottsdale is an insurance company incorporated under the laws of the State of Ohio with its principal place of business in Arizona. Thus, Scottsdale is a citizen of Ohio and Arizona for diversity jurisdiction purposes.

9. Scottsdale has provided Plaintiff notice it has elected to accept whatever liability Mooney has to Plaintiff for its acts or omissions related to the claim. This election is unconditional and irrevocable pursuant to statute. TEX. INS. CODE §542A.006(e) & (f). Under Insurance Code section 542A.006(c), the action against Mooney must be dismissed with prejudice.

10. A defendant is improperly joined when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the nondiverse

defendant. This second, alternative condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly-joined in-state defendant. A "reasonable possibility" is more than a mere hypothetical possibility that an action against the nondiverse defendant *could* exist. Because Plaintiff does not have a reasonable possibility of recovery from Mooney in this lawsuit, due to Scottsdale's statutory election to accept his potential liability, Mooney' citizenship should be disregarded.

11. Because Plaintiff is a citizen of Texas, and Scottsdale is a citizen of Ohio and Arizona, complete diversity of citizenship exists between Plaintiff and Scottsdale, the only two parties whose citizenship should be considered for diversity purposes.

**B. Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

12. If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest and costs, Scottsdale's burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.

13. Here, Plaintiff's Original Petition states: "Plaintiff seeks monetary relief of $250,000.00 or less excluding interest, statutory or punitive damages and penalties, and attorney's fees and cost." Where the state practice does not permit a demand for a specific sum, "removal is proper if the removing party proves by a preponderance of evidence that the amount in controversy exceeds $75,000." *Gonzalez v. Allstate Vehicle & Prop. Ins. Co.*, No. 7:15-CV-446, 2015 U.S. Dist. LEXIS 192922 at *2 (S.D. Tex. Dec. 4, 2015). In *Gonzalez*, the plaintiff brought suit against Allstate asserting insurance-related claims resulting from a wind and hail storm, but asserted the amount in controversy did not exceed $75,000. *Id.* at *1, 4. Defendant Allstate removed the action to federal court, and as proof the amount in controversy exceeded $75,000, it attached the plaintiff's pre-suit demand letter, which requested $72,306.92 in economic damages, interest and

3

attorney's fees, but did not include punitive damages. *Id.* at 5. The court found that because the plaintiff's economic damages combined with punitive damages exceeded $75,000, Allstate met its burden to demonstrate the amount in controversy. *Id.* at 6.

14. In this case, Plaintiff submitted a written demand for $190,946.18. A true and correct copy of Plaintiff's January 29, 2020 written demand is attached hereto as **Exhibit A**. Pursuant to the court's ruling in *Gonzalez*, this more than demonstrates by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.00. *Id.* at *6.

### III.
### CONCLUSION

15. Plaintiff has failed to demonstrate any reasonable possibility of recovering on the claims asserted against Mooney, because Scottsdale has assumed his potential liability pursuant to Texas Insurance Code 542A.006. As such, Plaintiff has no reasonable possibility of recovering against Mooney, and his citizenship is disregarded for purposes of determining diversity. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, removal of this action is proper under 28 U.S.C. § 1332(a).

16. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Bexar County, Texas promptly after the filing of this Notice.

17. Pursuant to 28 U.S.C. Section 1446(a), a copy of each of the following are attached to (or filed with) this Notice of Removal:

    a. the docket sheet in the state court action as **Exhibit B**; and

    b. all process, pleadings, and orders filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date as **Exhibit C**).

18. Defendant also attaches Defendant Scottsdale Insurance Company's Rule 7.1 Disclosure Statement as **Exhibit D.** Defendant also attaches its March 23, 2021 formal notice under Insurance Code Section 542A.006 to accept whatever liability Mooney may have to Plaintiff related to the claim, along with proof of delivery to Plaintiff's counsel, as **Exhibit E.**

19. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

FOR THESE REASONS, Defendant Scottsdale Insurance Company requests that this action be removed from the 73rd District Court, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
12400 San Pedro Avenue, Suite 200
San Antonio, Texas 78216
Telephone:  (210) 404-0333
Telecopier:  (210) 404-0336

By: /s/ Rich Espey
RICHARD W. ESPEY
State Bar No. 06667580
JONATHAN N. DARNELL
State Bar No. 24001967
*Email: espeyservice@lawespey.com

ATTORNEYS FOR DEFENDANTS
SCOTTSDALE INSURANCE COMPANY
AND JOEL WAYNE MOONEY
*service by email to this address only

## CERTIFICATE OF SERVICE

        I certify that on March 24, 2021, a true and correct copy of the foregoing document has been forwarded through the CM/ECF system which will send notification of such filing to the following:

Marc K. Whyte
Whyte PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
Telephone: (210) 562-2875
Facsimile: (210) 570-2322
Email: mwhyte@whytepllc.com
*Attorney for Plaintiff*

                                                _____
                                                RICHARD W. ESPEY
                                                JONATHAN N. DARNELL