FILED
2/12/2021 4:44 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

W/ JD

CIT CML COI / CIT CML

## 2021CI02978

CAUSE NO._____

| | | |
|---|---|---|
| THE MANSION ON HOWARD LLC | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | 73rd |
| V. | § | _____JUDICIAL DISTRICT |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | |
| A NATIONWIDE COMPANY and | § | |
| JOEL WAYNE MOONEY | § | |
| *Defendant.* | § | BEXAR COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE:

NOW COMES PLAINTIFF, THE MANSION ON HOWARD, L.L.C. ("Plaintiff"), and files its Original Petition complaining of Defendant SCOTTSDALE INSURANCE COMPANY A NATIONWIDE COMPANY ("SCOTTSDALE") and JOEL WAYNE MOONEY ("MOONEY") for causes of action would respectfully show the Court the following:

### I.    DISCOVERY CONTROL PLAN

1.      As required by Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends for discovery to be conducted under Level 1, TRCP 190.2.

### II.    PARTIES

2.      Plaintiff is a Texas resident who resides in BEXAR County, Texas.

3.      Defendant, SCOTTSDALE is in the business of insurance in the State of Texas. The insurance business done by SCOTTSDALE in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff(s);
- The taking or receiving of application for insurance, including the Plaintiff(s) application for insurance;

**EXHIBIT C**

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and
- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

Defendant SCOTTSDALE may be served by serving **its Registered Agent: COMMISIONER OF INSURANCE, P.O. Box 149104-MC112-1A, Austin, Texas 78714-9104** who shall then serve **Michael L. Horsman, 8877 N. Gainey Center Dr., Scottsdale, AZ 85258. Service is requested by Certified Mail, Return Receipt Requested for both Commissioner of Insurance and Michael L. Horsman.**

Defendant, JOEL WAYNE MOODY, is a licensed insurance adjuster residing in the State of Texas, and **may be served with process of service by certified mail, return receipt requested, at: JOEL WAYNE MOODY, 114 HIDDEN LN, JOURDANTON, TX 78026.**

### III.    JURISDICTION AND VENUE

4.      This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Plaintiff seeks monetary relief of $250,000.00 or less excluding interest, statutory or punitive damages and penalties, and attorney's fees and cost. TEX. R. CIV. P. 47(C)(1). This suit is governed by the expedited-actions process, TRCP 169(a)(1).

5.      Venue is mandatory and proper in BEXAR County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this county, and the insured property that is the basis of this lawsuit is also located in San Antonio, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002.

EXHIBIT C

## IV.  CONDITIONS PRECEDENT

6.    All conditions precedent to recovery have been performed, waived, or have occurred.

## V.  AGENCY AND *RESPONDENT SUPERIOR*

7.    Whenever in this petition it is alleged that Defendant(s) did any act or omission, it is meant that Defendant(s) themselves or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course, and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

## VI.  FACTS

8.    Plaintiff is the owner of a Commercial General Liability Coverage Policy (No. CPS2846654) (hereinafter referred to as the "Policy"), which was issued by Defendant SCOTTSDALE.

9.    Plaintiff owns the insured property, which is specifically located 421 Howard St., San Antonio, Texas 78212, (hereinafter referred to as the "Property").

10.    Defendant sold the Policy insuring the Property to Plaintiff.

11.    During the terms of said Policy, on or about June 6, 2019, under Claim No. 01915008 and Policy No. CPS2846654, Plaintiff sustained a covered loss in the form of wind and/or hail damage and damages resulting therefrom.  Specifically, Plaintiff's property was substantially damaged including Plaintiff's shingled roof area, flat roof areas, metal roof area, shed roof, damage to the detached structure, exterior elevations, and the wind driven rain and apertures caused by the Storm, resulted in extensive interior water damage throughout the Property. Defendant's inability to properly adjust the claim has resulted in loss of business income to

EXHIBIT C

Plaintiff. Plaintiff's Property provides housing in exchange for monthly rental fees. Plaintiff was unable to fully lease out Property due to the extensive water damage to the interior of several units.

12. Plaintiff timely reported said damages pursuant to the terms of the Policy. Plaintiff asked that Defendant SCOTTSDALE cover the cost to properly repair the severe damage to the Property was told was insured through Defendant SCOTTSDALE.

13. Plaintiff's claim was assigned to MOONEY ("Defendant adjuster" "Mooney"). Defendant assigned MOONEY knowing he would perform an inadequate and outcome-oriented investigation to minimize its liability to Plaintiff for the covered damages to Plaintiff's properties. MOONEY, initially inspected Plaintiff's Property the week of September 11, 2019. Following MOONEY 's inspection, Plaintiff anxiously waited for SCOTTSDALE's repair estimate believing that all damaged property was indeed covered under the Policy as told by SCOTTSDALE during Plaintiff's purchase of the Policy. Plaintiff held off on repairs as Plaintiff waited for the repair estimate by SCOTTSDALE and payment for repairs.

14. Unfortunately, SCOTTSDALE and MOONEY failed to properly adjust Plaintiff's claims by omitting from its estimates, required overhead and profits needed for the necessary and extensive repair to visibly apparent exterior and interior property damage caused by the storm. Overhead and profit are necessary whenever there are three or more "trades" involved in the repair of a structure. Here, the extensity to which the Property is damaged requires overhead and profit to be factored into a repair estimate. The extensity of damages make overhead and profit readily apparent. In an effort to minimize its exposure to liability, SCOTTSDALE assigned the claim to MOONEY. SCOTTSDALE knew MOONEY 's estimate would undervalue the claim and ratified his behavior when it accepted his estimate.

EXHIBIT C

15.     Defendants' final repair estimate and final decision regarding payment and amount of payment is a demonstration that MOONEY had performed an inadequate investigation and knowingly prepared an extremely low repair estimate, clearly omitting extensive wind and hail storm damages present on Plaintiff's property.  By preparing his estimate, MOONEY knowingly misrepresented the full scope of the covered damages caused by the Storm and misrepresented the true cost to properly repair Plaintiff's property to its pre-loss condition.  Specifically, MOONEY misrepresented the cost to properly repair Plaintiff's damaged property.

16.     MOONEY knew the Insurers would significantly underpay Plaintiff's claim based on his insufficient inspection and repair estimate, but knowingly submitted the inadequate estimate with the intention of minimizing the Insurers' liability to Plaintiff.  As planned, SCOTTSDALE ratified MOONEY 's wrongful conduct and intended to significantly underpay Plaintiff's claim. As a result, Plaintiff was unable to properly repair the Property.  Inability to repair Plaintiff's property has caused a great deal of stress and frustration to Plaintiff and has cost him multiple business opportunities resulting from the inability to promptly repair the interior damages.

17.     Because of the misconduct of the Defendants, Plaintiff has been unable to make the proper repairs to the covered damages to the insured Property.

18.     Plaintiff requested that Defendant, SCOTTSDALE cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and exterior damages to the Property.  To date, SCOTTSDALE continues to delay in the payment for the damages to the Property.

19.     SCOTTSDALE and MOONEY performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

5

EXHIBIT C

20.     SCOTTSDALE failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy.  Specifically, SCOTTSDALE refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff.  SCOTTSDALE's conduct constitutes a breach of the insurance contract between it and Plaintiff.

21.     Pleading further, SCOTTSDALE misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  SCOTTSDALE 's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

22.     SCOTTSDALE failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.  Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

23.     SCOTTSDALE failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement.  Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made.  Furthermore, SCOTTSDALE did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim.  SCOTTSDALE 's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

24.     SCOTTSDALE failed to meet its obligations under the Texas Insurance Code

EXHIBIT C

regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25. Further, SCOTTSDALE failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26. SCOTTSDALE failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received any payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27. From and after the time Plaintiff's claim was presented to SCOTTSDALE, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. SCOTTSDALE's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28. Additionally, SCOTTSDALE knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29. Because of SCOTTSDALE wrongful acts and omissions, Plaintiff was forced

EXHIBIT C

to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## VII.    CAUSES OF ACTION

### A.  Breach of Contact

30.    Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

31.    SCOTTSDALE 's conduct constitutes a breach of the insurance contract between it and Plaintiff.  Defendants' failure and/or refusal, as described above, to pay Plaintiffs adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

32.    According to the purchased insurance Policy, SCOTTSDALE has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the policy resulting from a storm such as the Storm in question. Plaintiff's property was damaged as a result of the Storm and/or resulting losses from the Storm, both of which are covered perils under Plaintiff's policy.

33.    SCOTTSDALE failed to perform its contractual duty to adequately and timely compensate Plaintiff under the terms of its policy.  Specifically, Defendants inspected the Property three separate visits in September of 2019 (11th, 13, and 19th) and should have obtained all the information needed to properly adjust Plaintiff's claims.  Even so, Defendants misrepresented to Plaintiff the extent of covered damage caused by the Storm and reasonable costs Plaintiff will incur

EXHIBIT C

to repair the covered damage. Defendants eventually conducted an additional inspection on Plaintiff's Property in July of 2020.

34.     SCOTTSDALE 's conduct constitutes a breach of the insurance contract between SCOTTSDALE and Plaintiff and such breach caused Plaintiff's damages.

35.     Defendant adjuster's conduct, as an agent of SCOTTSDALE, constitutes a breach of the insurance contract between SCOTTSDALE and Plaintiff and such breach caused Plaintiff's damages.

## B.  NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### 1.  Unfair Settlement Practices

36.     Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

37.     SCOTTSDALE 's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

38.     SCOTTSDALE 's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(1).

39.     SCOTTSDALE 's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(2)(A).

9

EXHIBIT C

40.     SCOTTSDALE 's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

41.     Plaintiff has satisfied all conditions precedent to bringing this cause of action.  By its acts, omissions, failures, and conduct, SCOTTSDALE has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Section 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus SCOTTSDALE's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim.  More specifically, SCOTTSDALE is guilty of the following unfair insurance practices:

a)  Defendant misrepresented to Plaintiff that all the damages to its property were not covered under its insurance policy, even though the damage was caused by a covered occurrence.  More particularly, MOONEY misrepresented the cost to properly repair Plaintiff's roof, the exterior elevations, and resulting interior damage.  SCOTTSDALE wrongfully underpaid Plaintiff's claim and Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code § 541.060(a)(1);

b)  Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under its policy.  More particularly, Defendant misrepresented the cost to properly repair Plaintiff's roof, exterior elevations, and interior damage to Plaintiff's property.   Not only did SCOTTSDALE initially grossly undervalue Plaintiff's claim, but SCOTTSDALE

EXHIBIT C

and MOONEY have unreasonably delayed payment for close to a year and a half from the time Plaintiff timely made the claim. To date, the claim is not fully paid. Defendant wrongfully denied the full covered damages and Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(2)(A);

c) Defendant failed to explain to Plaintiff the reasons for offering inadequate funds to resolve the claim. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any proper and reasonable explanation of why payment was not being made for its full covered loss and why MOONEY was not providing an accurate estimate of all the covered storm damage to its properties. Furthermore, Defendant did not indicate any future settlements or payments would be forthcoming to pay the losses covered under Plaintiff's policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(3);

d) Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, despite Plaintiff reporting its claim, Plaintiff did not receive timely indication in writing of acceptance or rejection regarding the full and entire claim from SCOTTSDALE and MOONEY. In fact, Defendant unreasonably delayed paying undisputed amount owed under the policy for over 17 months (from reporting of claim in September of 2019 and continuing through the date of this filing) and Plaintiff's claim remains unpaid. Defendant's conduct constitutes a

EXHIBIT C

violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(4); and

e) Defendant failed to conduct a reasonable investigation and refused to fully compensate Plaintiff under the terms of Plaintiff's policy. Specifically, MOONEY did not thoroughly investigate Plaintiff's damages and ignored visibly apparent storm damage observed during his investigation. As a result, SCOTTSDALE was forced to conduct additional inspections of the properties nearly one year from initial reporting of the claim. But Plaintiff's claim is still not fully adjusted for even after SCOTTSDALE has reinspected the Property as SCOTTSDALE has decided that no additional amounts were warranted under the Policy. As such, MOONEY's inadequate and outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of the damages to Plaintiff's Property was also delayed and untimely. Because of Defendant's inadequate investigation and misrepresentation of the scope of covered damages, Defendant wrongfully delayed, underpaid, and denied a significant portion of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

42. Defendant also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct has resulted in Plaintiff's damages described in this petition.

43. Further, the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**2. The Prompt Payment of Claims**

EXHIBIT C

44.     SCOTTSDALE 's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

45.     SCOTTSDALE's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE § 542.055.

46.     SCOTTSDALE's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim.  TEX. INS. CODE § 542.056.

47.     SCOTTSDALE's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE § 542.058.

3. **Breach of the Duty of Good Faith and Fair Dealing**

48.     Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

49.     SCOTTSDALE's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

50.     SCOTTSDALE's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by

EXHIBIT C

the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

51.     From and after the time Plaintiff's claim was presented to SCOTTSDALE, the liability of SCOTTSDALE to pay the full claim in accordance with the terms of Plaintiff's policy was reasonably clear.  However, by its acts, omissions, failures, and conduct, SCOTTSDALE has breached its common law duty of good faith and fair dealing.  SCOTTSDALE failed to reasonably investigate Plaintiff's claim and made numerous misrepresentations regarding the progress and status of the claim.  SCOTTSDALE has also breached its duty by unreasonably delaying payment of Plaintiff's entire claim until over a year after it was made.  Defendant knew or should have known it was reasonably clear the entire claim was covered; yet SCOTTSDALE delayed payment as long as it could causing Plaintiff to incur as many fees as possible before ultimately agreeing to appraise the claim as requested by Plaintiff.  To date, Plaintiff's claim has yet to be paid in full.

52.     With regard to the Defendant adjuster, Plaintiff alleges MOONEY specifically misrepresented to Plaintiff the scope of damages present to the Property, and that he had properly inspected all areas on Plaintiff's Property.  Such misrepresentations were made in violation of the Texas Insurance Code, § 541.002, § 541.060, § 541.061 and § 541.003, to include, but not limited to misrepresenting the scope of damages caused by the covered peril.  Said Defendant adjuster also misrepresented the true cost of repairing all of the damages caused by the covered peril, such as damages to the structure, interior architectural finishes, and other extra expenses associated with damage caused by the Storm.  Consequently, Mooney significantly underpaid the claim to the detriment of the insured.

53.     The named Defendant adjuster acted with actual awareness that said Defendant adjuster was misrepresenting the true scope and cost of repair in the estimate the Defendant

EXHIBIT C

adjuster prepared. Therefore, as an "Adjuster", the Defendant adjuster meets the definition of "person" under § 541.002, and therefore liable under § 541.003 et seq. of the Texas Insurance Code. The Defendant adjuster misled Plaintiff and specifically misrepresented to Plaintiff that a thorough inspection had taken place on Plaintiff's Property. The acts and omissions of the Defendant adjuster violate § 541 and § 541 of the Texas Insurance Coe for which Plaintiff seeks damages.

54.     Further, **MOONEY** committed various acts and omissions violative of the Texas Insurance Code. MOONEY performed an incomplete visual inspection of the property, failed to inspect all affected areas, prepare and submitted an incorrect estimate of repair to SCOTTSDALE which undervalued damages and failed to allow for adequate funds to cover the costs of repairs, and set out to deny properly covered damages. These actions on the part of Defendant Adjuster resulted in underpayment to the Plaintiff, as well as delay in Plaintiff's ability to fully repair the insured property. The Defendant Adjuster conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law, for the claim decision. MOONEY 's actions constitute unfair method of competition and an unfair or deceptive act in the business of insurance.

55.     Defendant's acts, omissions, failures, and conduct are a proximate cause of Plaintiff's damages.

## VIII.    IN THE ALTERNATIVE

56.     In addition, as to any exclusion, condition, or defense pled by SCOTTSDALE, Plaintiffs would show that:

EXHIBIT C

a. The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiffs claim, including the cost of access to fix the damages;

b. In the alternative, any other construction of the language of the policy is void as against public policy;

c. Any other construction and its use by SCOTTSDALE violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

d. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

57. In addition, as to any exclusion, condition, or defense pled by SCOTTSDALE, Plaintiffs would show that:

a. The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiffs claim, including the cost of access to fix the damages;

b. In the alternative, any other construction of the language of the policy is void as against public policy;

c. Any other construction and its use by SCOTTSDALE violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

d. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

58. In the event that Plaintiff's case were to be removed, and Plaintiff's Original Petition were to not rise to the required Federal pleading standard, Plaintiff requests that the Court

EXHIBIT C

grant it the opportunity to amend its petition and plead in conformity with the standard required by the Federal Rules of Civil Procedure.

59.     Arguing in the alternative, in the event that this cause were to be removed to federal court, to the extent the Court finds that Plaintiff's Original Petition, which was first-filed in state district court, either (a) fails to meet the pleading sufficiency standards of the State of Texas or (b) fails to meet the pleading sufficiency standards under the Federal Rules, Plaintiff hereby seeks leave to amend its pleading to address any deficiencies identified by this Court.  In the context of 12(b)(6) motions, "the court should generally give the pleader at least one chance to amend under Rule 15(a) before dismissing the claim with prejudice." *Lehman Bros. Holdings, Inc*., 2009 U.S. Dist. LEXIS 77523 at *15; see also *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal*., 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.") (internal citations omitted). In the event the Court finds that Plaintiff's petition is procedurally deficient, allowing Plaintiff to amend its pleading will both serve justice and cause no harm to Defendant. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

## IX.     WAIVER AND ESTOPPEL

60.     Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

EXHIBIT C

## X.    DAMAGES

61.    Defendants' acts, omissions, failures, and conduct have caused Plaintiff's damages which include, without limitation, the cost to fully and properly repair the exterior and interior of Plaintiff's property, the fees incurred during the course of this claim, and other additional expenses associated with damage caused by the Storm.

62.    Plaintiff would show that the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

63.    As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

64.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

65.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages as permitted by law.  TEX. INS. CODE § 541.152.

66.    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as any penalties and interests per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE § 542.060.

EXHIBIT C

67. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

68. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

69. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract, as well as an 10% per annum penalty on its claims against Defendant as damages under Chapter 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## XI.    ATTORNEYS' FEES

70. As a result of Defendant's conduct, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the Texas Deceptive Trade Practices Act.

## XII. DEMAND FOR JURY

71. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of this Original Petition has tendered to the Clerk of the Court the statutory jury fee.

EXHIBIT C

## XIII. PRAYER

FOR THESE REASONS, Plaintiff prays it recover sums that would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff request the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**WHYTE PLLC**
2101 NW Military HWY
San Antonio, Texas 78213
(210) 562-2874 – Telephone
(210) 562-2873 – Facsimile

BY:     _/s/ MarcWhyte_____
**Marc Whyte**
State Bar No.: 24056526
mwhyte@whytepllc.com

EXHIBIT C

2021CI02978  S00001

**Case Number: 2021-CI-02978**

THE MANSION ON HOWARD LLC

**vs.**

SCOTTSDALE INSURANCE COMPANY A NATIONWI

(Note: Attached document may contain additional litigants).

IN THE DISTRICT COURT
73rd JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**"THE STATE OF TEXAS"**

**DIRECTED TO:**   SCOTTSDALE INSURANCE COMPANY A NATIONWIDE COMPANY
BY SERVING THE COMMISIONER OF INSURANCE

8877 N GAINEY CENTER DR
SCOTTSDALE AZ 85258

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and PETITION,  a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said ORIGINAL PETITION    was filed on the 12th day of February, 2021.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD  DAY OF February A.D., 2021.

MARC K WHYTE
ATTORNEY FOR PLAINTIFF
2101 NW MILITARY HWY
SAN ANTONIO, TX 78213

M/O  2·23



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By : *Leticia Leija*, Deputy

THE MANSION ON HOWARD LLC
vs
SCOTTSDALE INSURANCE COMPANY A NATIONWI

**Officer's Return**

Case Number: 2021-CI-02978
Court: 73rd Judicial District Court

Came to hand on the 23rd day of February 2021, A.D., at  9:44 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the 25TH  day of FEBRUARY 20 21 , by delivering to: ____ CLAY MANLEY ____ at 8877 N GAINEY CENTER DR SCOTTSDALE AZ 85258 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION  .

Cause of failure to execute this Citation is _____.

# FILED

3  O'CLOCK 43 PM

MAR 0 1 2021

MARY ANGIE GARCIA
District Clerk, Bexar County, Texas

BY ____ DEPUTY

**DOCUMENT  SCANNED  AS  FILED**

Mary Angie Garcia
Clerk of the District Courts of
Bexar County, TX

By : *Leticia Leija*, Deputy

RETURN TO COURT (DK003)

**EXHIBIT C**

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postmark
Here

FEB 23 2021

Postage

SCOTTSDALE INSURANCE COMPANY A NATIONWIDE
BY SERVING THE COMMISIONER OF INSURANCE
PO BOX 149104-MC112-1A
AUSTIN, TEXAS 78714-9104

2021C102978  2/23/2021  CITCH LETICIA LEIJA

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7020 1290 0000 1672 4944

**EXHIBIT C**

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SCOTTSDALE INSURANCE COMPANY & NATIONWIDE
BY SERVING THE COMMISSIONER OF INSURANCE
PO BOX 149104-MC112-1A
AUSTIN, TEXAS 78714-9104

2021CI02978  2/23/2021  CITCM  LETICIA LEIJA

9590 9402 5277 9154 6848 48

2. Article Number (Transfer from service label)

7020 1290 0002 1672 4949

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Clay Marle                    ☐ Agent
                                ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Clay Marley                     (illegible)

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

DOCUMENT CANNED AS FILED

**EXHIBIT C**



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 5627 9154 6809 48

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite #217
San Antonio, TX 78205

FILED
DISTRICT C.
BEXAR CO. T.

RECEIVED
2021 MAR -1 PM 3:

**EXHIBIT C**

CERTIFIED MAIL #70201290000216724951

2021CI02978 S00002

**Case Number: 2021-CI-02978**

THE MANSION ON HOWARD LLC

vs.

SCOTTSDALE INSURANCE COMPANY A NATIONWI

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
73rd JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:**     JOEL WAYNE MOONEY

114 HIDDEN LN
JOURDANTON TX 78026

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said ORIGINAL PETITION    was filed on the 12th day of February, 2021.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF February A.D., 2021.

MARC K WHYTE
ATTORNEY FOR PLAINTIFF
2101 NW MILITARY HWY
SAN ANTONIO, TX 78213

**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By : *Leticia Leija,* Deputy

MID 2.23

---

THE MANSION ON HOWARD LLC
vs
SCOTTSDALE INSURANCE COMPANY A NATIONWI

**Officer's Return**

Case Number: 2021-CI-02978
Court: 73rd Judicial District Court

Came to hand on the 23rd day of February 2021, A.D., at  9:47 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the 26TH day of FEBRUARY 20 21 , by delivering to: JOEL MOONEY     at 114 HIDDEN LN JOURDANTON TX 78026 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION  .

Cause of failure to execute this Citation is _____.



**Mary Angie Garcia**
Clerk of the District Courts of
Bexar County, TX

By : *Leticia Leija,* Deputy

**FILED**
3 O'CLOCK 42 P M

MAR 0 1 2021

MARY ANGIE GARCIA
District Clerk, Bexar County, Texas
BY _____ DEPUTY

RETURN TO COURT (DK003)

**DOCUMENT SCANNED AS FILED**

**EXHIBIT C**



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

JOEL WAYNE MOONEY
114 HIDDEN LN
JOURDANTON, TX 78026

7020 1290 0000 1672 4951

2021C102978  2/23/2021  CITCH  LETICIA LEIJA

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

**EXHIBIT C**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JOEL WAYNE MOONEY
114 HIDDEN LN
JOURDANTON, TX 78026

2021C102978  2/23/2021  CITCH  13731191  LIA

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 5277 9154 6848 31

2. Article Number (Transfer from service label)

7020 1290 0002 1672 4951

PS Form 3811, July 2015 PSN 7530-02-000-9053  Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Mooney_  ☐ Agent
☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

Joel Mooney  2/24/21

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ($)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

SCANNED AS FILED

EXHIBIT C



USPS TRACKING #

9590 9402 6377 9154 6848 31

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

FILED:
DISTRICT CL.
BEXAR CO. TX
2021 MAR -1 PM 3: 43

• Sender: Please print your name, address, and ZIP+4® in this box•

Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite #217
San Antonio, TX 78205

RECEIVED
BY_____ DEPUTY

**EXHIBIT C**

FILED
3/19/2021 3:30 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Christopher Gutierrez

CAUSE NO. 2021-CI-02978

| | | |
|---|---|---|
| THE MANSION ON HOWARD LLC | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 73RD JUDICIAL DISTRICT |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | |
| A NATIONWIDE COMPANY and | § | |
| JOEL WAYNE MOONEY | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Now come, SCOTTSDALE INSURANCE COMPANY (erroneously sued as SCOTTSDALE INSURANCE COMPANY A NATIONWIDE COMPANY) and JOEL WAYNE MOONEY, Defendants in the above-captioned cause of action, and files this their Original Answer, and for such would respectfully show unto the Court as follows:

I.

Pursuant to Texas Rule of Civil Procedure 92, Defendants generally deny the allegations brought against them by the Plaintiff and demand strict proof of all allegations.

WHEREFORE, PREMISES CONSIDERED Defendants, SCOTTSDALE INSURANCE COMPANY (erroneously sued as SCOTTSDALE INSURANCE COMPANY A NATIONWIDE COMPANY) and JOEL WAYNE MOONEY, pray for judgment and general relief.

**EXHIBIT C**

Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
12400 San Pedro Avenue, Suite 200
San Antonio, Texas 78216
Telephone:     (210) 404-0333
Telecopier:    (210) 404-0336

By:_____
        RICHARD W. ESPEY
        State Bar No. 06667580
        JONATHAN N. DARNELL
        State Bar No. 24001967
        *Email:  espeyservice@lawespey.com

ATTORNEYS FOR DEFENDANTS


*service by email to this address only


## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on March 19, 2021, on all parties of record.

Marc Whyte
Whyte PLLC
2101 NW Military Hwy
San Antonio, Texas 78213
Facsimile: (210) 562-2873
Email: mwhyte@whytepllc.com
*Attorneys for Plaintiff*


_____
RICHARD W. ESPEY
JONATHAN N. DARNELL

**EXHIBIT C**